## EDWARD DEWEY *vs.* JOSEPH M. BELL.

If the indorser of a note which has been discounted at a bank assists the maker to raise money to pay it at its maturity, by indorsing a new note and disposing of it for him, and delivers to him the money so raised, which is applied in payment of the first note, the second note is not a renewal of the first, and is not affected by usury reserved or taken upon the first by the indorser.

If the maker of a note, at its maturity, delivers to an agent another note to be used in renewal thereof, and the holder refuses to accept the same in renewal, but takes it as collateral, and then uses it as his own, by procuring it to be discounted, he is estopped to say that he did not accept it for the purpose for which it was given; and, after paying the same, may maintain an action upon it, although he has afterwards refused to deliver up the original note to the maker.

CONTRACT upon a promissory note of $5000, dated June 3, 1860, signed by the defendant, payable to the order of John C.

Adams, and indorsed by him and by Samuel A. Way to the Bank of Commerce, and subsequently transferred to the plaintiff. The defence was usury and want of consideration.

At the trial in this court, before *Merrick*, J., the signatures of the maker and indorsers were admitted. The defendant introduced evidence tending to prove that on the 31st of May 1859, at the request and for the accommodation of Adams, he signed a note for $5000 payable in eight months from date, which was discounted by Way, with knowledge of the circumstances under which it was given, upon a usurious consideration; that when this note fell due, Way renewed the loan by taking another similar note for the same amount payable in four months from date, and, at the maturity of the second note, renewed it by taking the note in suit.

The plaintiff introduced evidence in reply to this, and to show that Way, soon after taking the first note, procured it to be discounted upon his indorsement at the American Bank, which held it at its maturity; that when it became due the defendant called upon Way with the second note, and wished to raise money upon it; that he did not wish to renew the first note, but to pay it; that, at the request of the defendant and of Adams, Way indorsed the second note, and disposed of it, and delivered the avails to the defendant, who applied the same in payment of the first note at the American Bank.

There was also evidence in the case that, at the maturity of the second note, the defendant executed and delivered to Adams the note in suit, for the sole and express purpose of being used in renewal thereof; that Adams carried it to Way, who, as indorser, had taken up the second note, and desired him to take it in exchange for and payment of the same; that Way said he would take it as collateral to the second note, to which Adams assented, and accordingly delivered the note to him; and that Way shortly afterwards indorsed it, and procured it to be discounted for his use at the Bank of Commerce. Before the maturity of this note, the defendant demanded the second note of Way, not offering at the time to pay either of them, and Way refused to deliver it to him. On the trial of this action, Way offered the

second note to the defendant's counsel, and, upon their refusing to take it, placed it on file for the defendant's benefit.

The judge instructed the jury that, if the second note was sold by Way by the authority and direction of the defendant and Adams, for their benefit, as before stated, and if the defendant took the money so raised upon it, and therewith voluntarily paid and took up the first note, the defendant could not set up in defence of an action in favor of an indorsee upon the second note that usurious interest had been taken on the first note, if any was in fact taken, but that his only remedy, if he had any, was by an action against the party by whom the usurious interest had been taken or reserved, or to whom it had been paid; and that if Way, under these circumstances, had, at the maturity of the second note, in consequence of his having indorsed it, and of his thereby being liable to the indorsees to whom it had been negotiated and sold by the direction and authority of the defendant and Adams, paid and taken it up, the defence of usury on the first note, if there was any, could not be set up as a defence to the second note against him, whether he knew that both notes were made by the defendant and Adams merely for the accommodation of the latter, and without any other consideration, or not; and if the facts above recited, relating to the note in suit, were proved to their satisfaction, and no interest beyond the legal rate was taken, reserved or paid upon it, the plaintiff was entitled to a verdict, although Way, at the time of taking it, knew that all three of the notes had been made by the defendant for the mere accommodation of Adams.

The judge, at the request of the plaintiff's counsel, directed the jury to find specially whether the second note was made and taken as a renewal of the first, or whether the first note was voluntarily paid at its maturity by the defendant. The defendant objected to the submission of this question to the jury, and to the form of it. The jury found that the second note was not a renewal of the first, and returned a general verdict for the plaintiff for the amount of the note. The defendant alleged exceptions.

*H. W. Paine & G. S. Hale,* for the defendant. 1. The parties

intended that the second note should be a substitute for the first and the form of proceedings is immaterial. The facts assumed in the instruction to the jury may all have been true, and still the second note may have been a substitute for or renewal of the first. *Reed* v. *Smith*, 9. Cow. 647. *Tuthill* v. *Davis*, 20 Johns. 285. *Keyes* v. *Moultrie*, 3 Bosw. 1. *Collamer* v. *Goodrich*, 30 Verm. 628. *Comstock* v. *Savage*, 27 Conn. 184. *Jarvis's Appeal*, Ib. 432. *Edwards* v. *Scott*, 2 Scott, N. R. 266.

2. The form of the question put to the jury renders their finding unimportant and indecisive. The jury understood that if the first note was voluntarily paid, then the second was not in renewal of it. But this result would by no means follow.

3. If the notes were made for the accommodation of Adams, and Way knew this fact, and if the defendant gave the note in suit to Adams for the sole and express purpose of being used in renewal of the second note, Way could take it for no other purpose. If he received it from Adams for any other purpose, he acquired no title to it. His offer to treat the transaction as one of renewal, pending the trial, could not affect his right to commence the action. *Chicopee Bank* v. *Chapin*, 8 Met. 40. *Prescott* v. *Brinsley*, 6 Cush. 233. *Stoddard* v. *Kimball*, Ib. 469. *Goss* v. *Whitney*, 24 Verm. 187. *Bramhall* v. *Beckett*, 31 Maine, 205. *Bank* v. *Urbine*, 3 Penn. 250. *Brown* v. *Taber*, 5 Wend. 566. *Batty* v. *Carswell*, 2 Johns. 48. *Marston* v. *Allen*, 8 M. & W. 494.

*R. M. Morse, Jr.*, for the plaintiff.

CHAPMAN, J. Upon the facts stated, the second note cannot be regarded as a renewal of the first, and it cannot be tainted with any usurious transactions connected with the first. The only connection between the two was, that the money raised by the discount of the second was used to take up the first.

The third note was designed by the defendant to be a renewal of the second. Way had no right to use it for any other purpose. He took it with the assent of the defendant's agent, to hold as collateral for the second, and not as a renewal of it. But when he procured it to be discounted, and thus used it as his own, he was estopped to say he had not accepted it for the

purpose for which it was made. It operated as a payment of the second note.

The refusal to give it up to the defendant when he demanded it afterwards was an unjustifiable act, but did not revive the note, it having been paid. The instructions were therefore correct. *Exceptions overruled.*